UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Dennison, ) | Civil Action No.: 1:06-cv-01450-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER DENYING** |
| Wal-Mart Stores East, L.P., ) | **SUMMARY JUDGMENT** |
| d/b/a Wal-Mart Supercenter, Store #1270, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action for malicious prosecution and false arrest arising out of the passing of a forged check and the subsequent arrest of the plaintiff. Plaintiff originally filed this case in the Aiken County Court of Common Pleas. The defendant removed the case to this Court on the basis of diversity of citizenship under 28 U.S.C. §1332.

Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the

1

evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted, as well as the arguments of counsel, I find that there are genuine issues of material fact precluding summary judgment. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For the foregoing reasons, the undersigned **DENIES** the defendant's [30] motion for summary judgment and the plaintiff's cross motion for summary judgment contained in [32] response to defendant's motion for summary judgment. Counsel shall be ready to try this case during the Court's August, 2007 term of court unless the Court notifies counsel otherwise.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

July 11, 2007
Florence, South Carolina